# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOPER, MORRIS, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class KAMARI D. BEALS**
**United States Army, Appellant**

ARMY 20240042

Headquarters, National Training Center and Fort Irwin
Robert E. Murdough, Military Judge
Colonel Justin M. Marchesi, Staff Judge Advocate

For Appellant: Major Beau O. Watkins, JA; Major Andrew M. Hopkins, JA.

For Appellee: Major Stephen L. Harmel, JA.

24 March 2026

----------------------------------
SUMMARY DISPOSITION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHLACK, Judge:

Appellant entered a plea of guilty pursuant to a pretrial agreement, and the military judge accepted the plea as knowing, voluntary, and provident before entering findings of guilty. The central issue before this court is not the validity of the conviction, which we affirm, but the post-trial delay in this case.[*] Appellant asserts this delay violated his constitutional right to due process. We disagree. Appellant alternatively argues the delay in the post-trial processing of this case constitutes excessive delay under the Uniform Code of Military Justice (UCMJ), entitling him to relief. *See* Article 66(d)(2), UCMJ, 10 U.S.C. § 866. We agree.

---

[*] Appellant did not raise post-trial delay as an assignment of error but did identify the issue per *United States v. Grostefon.* 12 M.J. 431, 436–37 (C.M.A. 1982).

## BACKGROUND

Appellant pleaded guilty to fleeing apprehension, willfully disobeying his superior commissioned officer, assault in which substantial bodily harm was inflicted, assault by strangulation, and obstructing justice in violation of Article 87a, 90, 128 and 131b, UCMJ, 10 U.S.C. § 887a, 890, 928, and 931b. A military judge sitting as a general court-martial accepted the pleas and sentenced appellant to a dishonorable discharge, confinement for 37 months, and reduction to the grade of E-1. The court-martial adjourned on the same day.

The military judge entered judgment 20 days later. It then took the government another 510 days to finish transcribing the 168-page record of trial and mail it to this court. The government did include a letter of lateness with the record, citing personnel challenges as the sole cause for the delay.

## LAW AND DISCUSSION

We review claims of unreasonable post-trial delay de novo. *See United States v. Anderson*, 82 M.J. 82, 85 (CAAF 2022) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Whether a post-trial processing timeline is reasonable or dilatory is determined on a case-by-case basis. *E.g.*, *United States v. Abdullah*, 85 M.J. 501, 2024 CCA LEXIS 479, at *27 (Army Ct. Crim. App. 5 Nov. 2024), pet. granted, 2025 CAAF LEXIS 426 (C.A.A.F. May 30 2025); *United States v. Toohey (Toohey I)*, 60 M.J. 100, 102–03 (C.A.A.F. 2004).

There are two separate and independent avenues to provide relief for dilatory post-trial processing: (1) the Due Process Clause of the Fifth Amendment; and (2) the statutory basis under Article 66 when there is no showing of "actual prejudice." *Abdullah*, 2024 CCA LEXIS 479, at *9 (citing *Anderson*, 82 M.J. at 85).

Whether there is a due process violation resulting from post-trial delay is analyzed under the four factors from *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) length of the delay; (2) reasons for the delay; (3) appellant's assertion of his right to a timely appeal; and (4) prejudice to appellant." *Toohey I*, 60 M.J. at 102. When there is no finding of prejudice under the fourth *Barker* factor, a due process violation still occurs if "in balancing the three other factors, the delay is so egregious that tolerating it would adversely affect the public's perception of fairness and integrity of the military justice system." *Anderson*, 82 M.J. at 87 (quoting *United States v. Toohey (Toohey II)*, 63 M.J. 353, 362 (C.A.A.F 2006).

Although the length of the delay is excessive and the reasons for the delay are unpersuasive, we find no due process violation here. Appellant did not assert his right to a timely appeal and concedes no "specific prejudice" from the delay. In this case we do not find the delay so egregious as to negatively impact public perception

2

of the military justice system. However, more than 17 months expired between the issuance of the entry of judgment and our receipt of the record. This court has consistently found similar delays to be excessive and has granted relief under Article 66(d)(2). *E.g., United States v. Monroe*, No. ARMY 20220122, 2025 CCA LEXIS 447, at *6 (Army Ct. Crim. App. 15 Sep. 2025) (summ. disp.); *United States v. Lozano,* No. ARMY 20240096, 2026 CCA LEXIS 47, at *6 (Army Ct. Crim. App. 8 Jan. 2026) (summ.disp.).

This guilty plea consisted of a 168 page transcript and few exhibits. Nothing in the Chief of Justice's memorandum justifies the length of the delay in this case; instead, it reveals an inefficient administration of military justice. While not required to provide relief for the excessive delay, we choose to do so here. After our complete review, we determine 45 days of confinement relief is appropriate.

## CONCLUSION

The findings of guilty are AFFIRMED. Only so much of the sentence extending to a dishonorable discharge, 35 months and 15 days of confinement, and reduction to the grade of E-1 is AFFIRMED.

Senior Judge COOPER and Senior Judge MORRIS concur.


FOR THE COURT:


JAMES W. HERRING, JR.
Clerk of Court

3